

RECEIVED 9/6/17
BY: DON SPENCE

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

**LESA COMPTON, individual and as**
**Parent, Guardian, and Next Friend of the infant,**
**LaRANDI G. COMPTON,**

          **Plaintiff,**

v.                                                                     CIVIL ACTION NO. 17-C-152

**MINGO COUNTY BOARD**
**OF EDUCATION,**

          **Defendant.**

To the above-named Defendant:    Mingo County Board of Education
                                 Williamson, WV

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorney, Justin J. Marcum, whose address is Marcum Law Office, PLLC, P.O. Box 2531, Williamson, West Virginia, 25661, an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer to the Complaint within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action.

Dated: 9-1-2017            Clerk of Court: _____

                           By: Camille Ellis



EXHIBIT 1

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

LESA COMPTON, individual and as
Parent, Guardian, and Next Friend of the infant,
LaRANDI G. COMPTON,

    Plaintiff,

v.          CIVIL ACTION NO.: 17C-15

MINGO COUNTY BOARD
OF EDUCATION,
    Defendant.

### COMPLAINT

**COMES NOW**, the Plaintiff, Lesa Compton, individually and as a Parent, Guardian, and Next Friend of the infant, LaRandi Compton, through counsel, Justin J. Marcum of Marcum Law Office, PLLC, and for their **COMPLAINT** state and allege as follows, to-wit:

1. That the Plaintiff, Lesa Compton is the parent, guardian, and next friend of LaRandi G. Compton, a minor child;
2. That the Plaintiffs, Lesa Compton and LaRandi G. Compton are citizens and residents of Mingo County, West Virginia with a mailing address of 89 Baisden Fork Road, Baisden, WV 25608;
3. That the Defendant, Mingo County Board of Education (herein referred to as "Board") is a public school system that is located in Mingo County, West Virginia, more particularly at 110 Cinderella Road, Williamson, West Virginia, 25661;
4. That the Board is made up of five elected board members who govern the operation of the school system;
5. That Don Spence is the Superintendent of Schools and is elected by the Board;

6. That James David Farley is the President of the Board and pursuant to the W.Va. Code, the proper person to receive service of process for the Board;

7. That the website for the Board states "Mingo County Schools provide students of Mingo County with access to state-of-the-art technology, curricula, and instruction while maintaining the community-driven approach to education that has been the key to student success for over 100 years";

8. That the website for the Board states "as required by federal laws and regulations, the Mingo County Board of Education does not discriminate on the basis of sex, race, color, religion, disability, age, and national origin in employment or in the administration of any of its educational programs and activities";

9. That the director of special education is Janet Varney of Pike County, Kentucky;

10. That the Plaintiff, Larandi G. Compton, was born November 8, 2008 and was diagnosed with quadriplegic cerebral palsy with spasticity;

11. That Plaintiff, Larandi G. Compton is disabled and suffers from a physical handicap wherein she has difficulty walking and keeping her balance;

12. That Plaintiff, Larandi G. Compton has always had an Individual Educational Plan (IEP) through the Mingo County School System;

13. That Plaintiff, Larandi G. Compton is in the 3rd grade at Gilbert Elementary School which is under the supervision and control of the Board;

14. That Plaintiff, Larandi G. Compton has never been assigned a personal aide to help with her disabilities;

15. That Plaintiff, Larandi G. Compton has classes upstairs at Gilbert Elementary, the exit is restricted, and she cannot walk herself down the steps in the event of an emergency or elevator outage;
16. That putting Plaintiff in a classroom without a proper fire exit is a violation of the W.Va. Code;
17. That the elevator is not fully functional at the school;
18. That Plaintiff Larandi G. Compton is never included in anything at the school and is treated as an outcast;
19. That Plaintiff Larandi G. Compton takes recess at school and merely sits on a bench and cries as she watches other students play on the playground;
20. That the playground at Gilbert Elementary has no playground equipment for handicap persons;
21. That when asked about playground equipment, Plaintiff Lesa Compton, was told the school board had no money for such items;
22. That according to a recent newspaper article in the Williamson Daily News, the Board has money to fund numerous positions at the central office, including an assistant superintendent and the hiring of retired individuals to principal jobs;
23. That according to a recent newspaper article in the Williamson Daily News, the Board has an excess levy bond that is required by law to be used on the students and it is believed that most of that money is used on the central office and raises for its employees;
24. That when Plaintiff Lesa Compton asked about the playground equipment she was told that her daughter, Plaintiff Larandi G. Compton could "blow bubbles";

25. That Gilbert Elementary School has no wheelchair or walker ramps available on the playground;

26. That Gilbert Elementary School is not fully handicap accessible and cannot accommodate those with disabilities;

27. That employees of the Board pick and choose which students get an aid, and they have never assigned an aid to Plaintiff, Larandi G. Compton;

28. That only two aids are shared between all the students at Gilbert Elementary School;

29. That Plaintiff Lesa Compton has to go to school with Plaintiff Larandi G. Compton, just to make sure she is treated fairly and gets the proper treatment;

30. That Plaintiff Larandi G. Compton has never received fair treatment and has been discriminated against based upon her disabilities in violation of the West Virginia Constitution and the W.Va. Code;

31. That Plaintiff, Laranda G. Compton has been discriminated against because of her disabilities;

32. That Defendant has inadequately prepared to protect its students with disabilities;

33. That Defendant violated the Equal Protection Clause of the West Virginia Constitution and the Constitution of the United States of America with their actions against Plaintiff, Larandi G. Compton;

34. That the Americans with Disabilities Act ("ADA") of 1990 prohibits disability-based discrimination by states, counties, and boards of education that provide public accommodation;

35. That the ADA applies to playgrounds and schools;

36. That the ADA specifically requires that all services and activities offered by a public school shall be "readily accessible" to all individuals, including those with disabilities;

37. That there are no slides, swings, or other playground equipment that Plaintiff, Larandi G. Compton can use;

38. That Plaintff, Larandi G. Compton has been denied her access to a free public education by Defendant's actions;

39. That the playground at Gilbert Elementary is in poor shape and Plaintiff, Larandi G. Compton was injured when she fell off the

40. That Defendant's negligence was the actual and proximate cause of Plaintiff's injuries herein;

41. That pursuant to W.Va. Code § 18-20-2, the Board has failed to provide suitable educational facilities, equipment, and services in their actions towards Plaintiff, Larandi G. Compton;

42. That under W.Va. Code §18-20-2, the Board has committed a *per se* violation of the law in its duties owed to Plaintiff, Larandi G. Compton;

43. That Defendant was negligent in its supervision of its employees and that negligence was the actual and proximate cause of Plaintiff's injuries;

44. That the actions of Defendant were a clear violation and continue to be a violation of the West Virginia Human Rights Act;

45. That Plaintiff, Larandi G. Compton was emotionally and physically injured due to Defendant's negligence;

46. That the actions of Defendant were atrocious, utterly intolerable in a civilized society, and extreme and so outrageous as to exceed all possible bounds of decency, thereby causing Plaintiff substantial and severe emotional distress;
47. That the actions and inactions of Defendant by and through its actors were done with malice and without regards to the well-being of Plaintiff;
48. That as a direct and proximate cause of Defendant's actions and/or inactions, Plaintiff has suffered severe emotional distress, humiliation, anxiety, embarrassment, aggravation, annoyance, and inconvenience;
49. That upon information and belief, numerous sources have stated that the Board has met and completed personnel matters, including the appointment of the new board member and discussion of the playground equipment in question here, privately and in violation of W.Va. Code §§ 6-9A-1 to 6-9A-12, the West Virginia Open Meetings Law;
50. That the actions of Defendant are intolerable and must be corrected to avoid any future harm to Plaintiff or other similarly situated persons.

**THEREFORE**, Plaintiff prays that this Honorable Court set this matter for Trial and for the following relief, to-wit:

1. Damages in an amount to be determined by a jury;
2. An Injunction and Writ of Prohibition Ordering the Board to stop its actions set forth herein that have unduly prejudiced Plaintiff;
3. Punitive damages in an amount to be determined by a jury;
4. Pre-Judgment Interest in an amount to be determined by law;
5. Post-Judgment Interest in an amount to be determined by law;

6. Attorney fees and costs expended herein;

7. Any other relief that this Court deems necessary and proper.

_____
Justin J. Marcum
WV Bar No. 11636
MARCUM LAW OFFICE, PLLC
PO Box 2531
201 East 2nd Avenue
Williamson, WV 25661
(304) 235-1475
(304) 235-2832 – facsimile

## VERIFICATION

**STATE OF WEST VIRGINIA**
**COUNTY OF MINGO, TO-WIT:**

This day appeared before me, _Tess Compton_, affiant, who having first been duly sworn, deposes and states that the facts and allegations contained in the _Complaint_ are true to the best of his knowledge, belief, and information.

_Tessa Compton_
**AFFIANT**

Taken and subscribed, and sworn to before me in my aforesaid County and State on the _1st_ day of _September_, 2017.

My commission expires: _April 26, 2022_

WANNETTA J. SANSOM
Notary Public Official Seal
State of West Virginia
My Comm. Expires Apr 26, 2022
23 Sansom Drive Matewan WV 25678

**Notary Public**

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

LESA COMPTON, individual and as
Parent, Guardian, and Next Friend of the Infant,
LaRANDI G. COMPTON,

        Plaintiff,

v.                                      CIVIL ACTION NO.: 17C-152

MINGO COUNTY BOARD
OF EDUCATION,
        Defendant.

### CERTIFICATE OF SERVICE

I, Justin J. Marcum, do hereby certify that a true and exact copy of the Complaint herein was filed on the 1st day of September, 2017 with the Mingo County Circuit Clerk and upon the following parties:

        **DAVID FARLEY**
        Mingo Co. School Board President
        *Personal Service*

Justin J. Marcum
WV Bar No. 11636
MARCUM LAW OFFICE, PLLC
PO Box 2531
201 East 2nd Avenue
Williamson, WV 25661
(304) 235-1475
(304) 235-2832 – facsimile

  (/DEFAULT.ASPX)

Civil
Case Information
Thirtieth Judicial Circuit of Mingo County

17-C-152
Judge: MIKI THOMPSON
LESA COMPTON VS. MINGO COUNTY BOARD OF EDUCATION

Plaintiff(s)               Plaintiff Attorney(s)

COMPTON, LESA
                                        N/A

Defendant(s)               Defendant Attorney(s)

MINGO COUNTY BOARD O
                                        N/A

Date Filed: 09/01/2017
Case Type: DUPLICATE TAPE
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A

| Line | Date | Action / Result |
|---|---|---|
| 0001 | 09/01/2017 | PETITION-CIVIL CASE-SUMMONS FILED & GIVE TO ATTY FOR SERVICE; |

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082



EXHIBIT 2